IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01793-RBJ

XAO THAO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security.

    Defendants.

---

ORDER

---

This matter is before the Court on review of the Commissioner's decision denying claimant Xao Thao's application for Social Security disability benefits. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons explained below, the Court affirms the Commissioner's decision.

**I. Standard of Review**

This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing a final decision by the Commissioner, the role of the District Court is to examine the record and determine whether it "contains substantial evidence to support the [Commissioner's] decision and whether the [Commissioner] applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998). A decision cannot be based on substantial evidence if it is "overwhelmed by other evidence in the record." *Bernal v. Bowen*,

851 F.2d 297, 299 (10th Cir. 1988). Substantial evidence requires "more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

## II. Background

Ms. Thao, who was born on June 15, 1970 in Laos and later emigrated to the United States, lives in Boulder, Colorado. She has previously worked as a cafeteria cook and kitchen helper, although she has not worked since her alleged onset date of September 18, 2006. Instead, as the ALJ noted, she has filed six applications for disability benefits, all of which have been denied. This appeal concerns her sixth application.

### A. Procedural History

In May of 2011, Ms. Thao filed an application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging disability beginning on September 18, 2006. The claim was initially denied on August 9, 2011. The claimant then filed a request for a hearing, which was held on August 29, 2012 in front of Administrative Law Judge Jennifer B. Millington. The ALJ issued a decision denying Ms. Thao's request for benefits on September 7, 2012. The Commission denied her request for review on May 6, 2014. Ms. Thao filed a timely appeal in this Court.

### B. The ALJ's Decision

The ALJ issued an unfavorable opinion after evaluating all of the evidence according to the Social Security Administration's standard five-step process. At step one, she found that Ms. Thao had not engaged in substantial gainful activity since her alleged onset date of September

18, 2006.  R. at 13.  Next, at step two, the ALJ found that the claimant had "mild degenerative arthritis facets L4 through S1 and myofascial pain syndrome with chronic low back, shoulder and hip pain, obesity, and probable fibromyalgia, impairments considered 'severe' within the meaning of the Social Security Act and regulations."  R. at 13.  At step three, the ALJ concluded that Ms. Thao did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. at 15.  She then found that the claimant had the residual functional capacity ("RFC") to perform medium work, "except she can frequently rather than constantly climb, stoop, kneel, crouch and crawl, and is unable to speak the English language."  R. at 16.  Turning to step four, the ALJ found that Ms. Thao was capable of performing past relevant work as a cafeteria cook and kitchen helper, and, alternatively, that there were other jobs that existed in significant numbers in the national economy that she could perform.  R. at 23.  The ALJ thus concluded that Ms. Thao had not been under a disability.  R. at 25.

### III. Discussion

The claimant's brief lists eight errors that she contends the ALJ made in her decision denying benefits.  The Court will address each in turn.

#### A. The Weight Assigned to the Opinions of Ms. Thao's Treating Physicians

First, the claimant argues that the ALJ did not properly determine what weight to afford the opinions of three of her treating physicians: Dr. Lutt, Dr. Jack and Dr. Tewa.  In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) consistent with other substantial evidence in the record.  *Watkins v. Barnhart*,

350 F.3d 1297, 1300 (10th Cir. 2003). If both of these criteria are satisfied, then the opinion is entitled to controlling weight. However, a finding that a treating source opinion should not be afforded controlling weight does not mean that the opinion should be rejected. *Id.* Rather, the ALJ should assess the opinion under the factors provided in 20 C.F.R. §§ 404.1527 and 416.927:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* (internal citations and quotations omitted). "After considering the pertinent factors, the ALJ must give good reasons . . . for the weight he ultimately assigns the opinion." *Id.* at 1302 (internal citations and quotations omitted).

Beginning with Dr. Lutt's and Dr. Jack's opinions, the ALJ did not explicitly assign them a particular amount of weight; however, she did reference them in her discussion of the claimant's RFC. *See* R. at 19, 23. The government argues that the ALJ was not required to undertake a weight analysis of these opinions because she accepted their diagnoses, and neither doctor offered a further opinion on Ms. Thao's work-related limitations. ECF No. 15 at 12–13 (citing *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (doctor's brief statement that claimant had a stroke and "may never return to work" was "not a true medical opinion" because it "did not contain [the doctor's] judgment about the nature and severity of [the claimant's] physical limitations, or any information about what activities [the claimant] could still perform")). Thus, on the government's reasoning, the ALJ accepted Dr. Lutt's and Dr. Jack's

opinions to the extent that they were true medical opinions, and no further analysis was necessary.

Under the relevant regulations, medical opinions are "statements . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Here, beginning with Dr. Lutt's records, the doctor listed fibromyalgia and low back pain as "new problems" on March 24, 2011 and "existing problems" on April 12, 2011, R. at 319, 324, 352; noted that the claimant "return[ed] for ongoing management of fibromyalgia" on November 8, 2011, R. at 358; discussed the costs and benefits of fibromyalgia medications with the claimant on January 17, 2012, R. at 377; and wrote in a letter dated August 6, 2012 that he is "Ms. Thao's rheumatologist" and he "see[s] her for fibromyalgia," R. at 379. In sum, the records reflecting Dr. Lutt's treatment of Ms. Thao discuss her symptoms and diagnose her with fibromyalgia, but they do not offer any meaningful discussion of her physical restrictions or of what she can do despite her impairments.

The ALJ found that the claimant suffers from "probable fibromyalgia,"[1] a severe impairment, R. at 13, and thus did not reject Dr. Lutt's diagnosis. Because the doctor did not describe any specific work-related impairments stemming from this diagnosis, the ALJ was not required to further assess the weight to afford the opinion. *See Duncan v. Colvin*, No. 14-5081,

---

[1] The ALJ found that the claimant had "probable fibromyalgia" because, based on the evidence before her, she concluded that the impairment "[might] only be questionably medically determinable," "[might] only be marginally 'severe," or "[might] be 'severe' only if considered in conjunction with other impairments." R. at 13–14. These conclusions were based on the difficulty of diagnosing fibromyalgia and consideration of the claimant's medical records over time. Thus, the fact that the ALJ qualified her finding of fibromyalgia with the word "probable" does not mean that she did not fully accept Dr. Lutt's diagnosis; rather, she accepted the doctor's opinion with an understanding of nature of such a diagnosis and in the context of the claimant's other medical records.

5

2015 WL 1475314, at *5–6 (10th Cir. Apr. 2, 2015) ("Given that the ALJ did not reject the medical impairments found by [the doctor] and there were no medical opinions regarding [the claimant's] work-related functional limitations, there was no opinion on such matters . . for the ALJ to weigh."). For this reason, the Court finds the ALJ's failure to explicitly analyze the weight assigned to Dr. Lutt's opinion unproblematic.

Turning to Dr. Jack's reports, the doctor documented his attempts to treat the claimant's back and neck pain over the course of several months with various medications, physical therapy, acupuncture, and increased physical activity. *See* R. at 360 (December 8, 2011); R. at 362 (January 5, 2012); R. at 364 (February 2, 2012); R. at 366 (March 1, 2010). Like Dr. Lutt, however, his opinions do not contain any discussion of specific work-related limitations caused by Ms. Thao's pain; rather, they document the nature and severity of her back and neck pain. Again here, the ALJ concluded that the claimant had the impairment described in Dr. Jack's reports: At step two of the analysis, she found that Ms. Thao suffers from "chronic low back, shoulder, and hip pain." R. at 13. Given this finding, and the lack of any discussion of particular work-related restrictions in Dr. Jack's reports, the ALJ was not required to further analyze the weight afforded to Dr. Jack's opinion. *See Duncan*, No. 14-5081, 2015 WL 1475314, at *5–6. Accordingly, the Court also rejects the claimant's argument as to Dr. Jack's opinion.

As for Dr. Tawa, the ALJ assigned little weight to the doctor's September 2011 letter, which stated that he did not believe that the claimant "would be able to maintain a job," R. at 346–47, because (1) the doctor's opinion that Ms. Thao was totally disabled addressed a matter reserved for the Commissioner, (2) he provided no quantifiable limitations for exertional and non-exertional activities, and (3) "his findings from sparse notes do not support his conclusion."

R. at 22.  These are all proper considerations in determining what weight to afford the doctor's statement, *see* 20 C.F.R. § 404.1527(a)(2); 20 C.F.R. § 404.1527, and the Court therefore finds the ALJ's analysis on this point to be unproblematic.  To the extent the claimant intends to challenge the ALJ's failure to explicitly weigh Dr. Tawa's treatment records, the Court notes that she referenced Dr. Tawa's records in her discussion of Ms. Thao's treatment history, *see* R. at 19, and she was not required to do more under the relevant regulations.  *See Duncan*, No. 14-5081, 2015 WL 1475314, at *5–6.  Thus, the Court does not take issue with the ALJ's assessment of Dr. Tawa's records, and I decline to remand the ALJ's opinion based on her analysis of the opinions of the claimant's treating physicians.

### B. The ALJ's Step Two Finding

The claimant's brief next argues that the ALJ erred in finding, at step two, that Ms. Thao's alleged impairments "singly or in combination were slight since they did not significantly limit her ability to work."  ECF No. 14 at 10.  However, this argument makes little sense in the context of the ALJ's step two analysis, in which she found several physical impairments that were considered "severe" within the meaning of the Social Security Act and regulations.  *See* R. at 13.  Indeed, it appears to the Court that the claimant is referring to the ALJ's statement that the claimant's "medically determinable *mental* impairments of a pain disorder associated with both psychological factors and a general medical condition . . . considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic *mental* work activities and are therefore nonsevere." R. at 14 (emphasis added).  As the quoted language makes clear, this statement is part of a discussion of Ms. Thao's mental impairments, not any physical limitations.  Because the relevant portion of the claimant's brief exclusively discusses

evidence related to the claimant's physical abilities, *see* ECF No. 14 at 10–11,[2] the Court cannot discern any clear argument on this point. I therefore decline to remand the ALJ's decision on this basis.

### C. The ALJ's Step Three Finding

Next, the claimant makes three arguments—numbered 3, 4, and 5 in her brief—that challenge the basis for the ALJ's step three finding that Ms. Thao does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. First, Ms. Thao contends that the ALJ erred in "determining that fibromyalgia was only a possible impairment rather than a severe impairment and by failing to consider medical evidence concerning her degenerative arthritis with accompanying pain." ECF No. 14 at 11. The only point her brief makes in support of this argument, however, is that the ALJ failed to consider Dr. Lutt's opinion in making her step three finding. *See id.* (stating only that the ALJ relied on Dr. Joseph's opinion but not that of Dr. Lutt and referring back to her first argument). Because the Court has already found above that the ALJ properly considered Dr. Lutt's records, I find no error in the ALJ's failure to afford them additional weight at step three. Moreover, the claimant has failed to develop her stated arguments that the ALJ erred at this step of the analysis by determining that fibromyalgia was only a possible impairment and by failing to consider medical evidence concerning her degenerative arthritis with accompanying pain, and the Court thus considers these arguments waived. *See Murrell v. Shalala*, 43 F .3d 1388, 1389 n.2 (10th Cir.1994) (holding that "a few

---

[2] The claimant's brief often fails to provide any citation to the record (particularly in the section cited above), even when purporting to offer direct quotations. Claimant's counsel is reminded to provide specific citations to the record in future filings.

scattered statements" in plaintiff's argument are merely "perfunctory complaints [that] fail to frame and develop an issue sufficient to invoke appellate review")).

Turning to the claimant's next point about the ALJ's step three analysis, Ms. Thao argues that the ALJ "failed to use the current standard for determining fibromyalgia as set forth in SSR 12-2p." ECF No. 14 at 11–12. The claimant is correct in asserting that the ALJ did not specifically cite or discuss this recent Social Security ruling at step three. *See* R. at 15–16. However, it appears to the Court that her step three discussion of whether any of the claimant's impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 follows the relevant law as laid out in SSR 12-2p:

> At step 3, we consider whether the person's impairment(s) meets or medically equals the criteria of any of the listings in the Listing of Impairments in appendix 1, subpart P of 20 CFR part 404 (appendix 1). FM [fibromyalgia] cannot meet a listing in appendix 1 because FM is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment.

SSR 12-2p. The ALJ did analyze whether the claimant's probable fibromyalgia medically equaled Medical Listing 14.06, undifferentiated and mixed connective tissue disease, and found that it did not. R. at 16. The claimant does not point to any errors in this particular analysis or argue that the ALJ should have analyzed whether her fibromyalgia medically equals a different medical listing. *See* ECF No. 14 at 11–12. The Court therefore finds the claimant's argument that the ALJ did not comply with SSR 12-2p unpersuasive.[3]

Lastly, Ms. Thao challenges the ALJ's step three analysis by arguing that the ALJ

---

[3] To the extent the claimant intends to argue that the ALJ's analysis does not comport with SSR 12-2p at a different step of the analysis, she has failed to develop the point, and the Court therefore considers any such argument waived. *See Shalala*, 43 F .3d at 1389 n.2.

improperly failed to "consider[] Claimant's pain due to specific diagnoses like Fibromyalgia." ECF No. 14 at 12. Specifically, the claimant contends, the ALJ failed to employ the prescribed two-prong test to analyze the claimant's complaints of disabling pain, and her analysis "falls short of the requirements of 20 C.F.R. § 404.1529(b)–(d)." *Id.* However, the ALJ's discussion of the claimant's RFC clearly follows the two-step process described in the relevant regulations. *See* R. at 16–17 (specifically citing 20 C.F.R. § 404.1529 and describing and applying the required two-step analysis to evaluate claimant's symptoms). Again here, the claimant does not argue that the ALJ erred in finding that her impairments did not medically equal Medical Listing 14.06, nor does she argue that the ALJ should have considered a different medical listing. *See* ECF No. 14 at 12. Thus the Court is again unpersuaded by the claimant's argument, and I find the ALJ's step three analysis unproblematic.

### D. The ALJ's RFC Determination

Turning to the ALJ's RFC analysis, Ms. Thao argues that "the ALJ err[ed] in failing to consider that the functional limitations of Claimant's impairments, including pain and fatigue[,] precluded her from maintaining any type of continuing substantially [sic] gainful employment." ECF No. 14 at 12. However, it is again difficult to discern any clear argument from this section of the claimant's brief. She first brings up Dr. Lutt's and Dr. Tawa's opinions, and argues yet again that the ALJ failed to properly consider them. *Id.* at 13. The Court has fully addressed this concern above, and I will not address again here. The brief next mentions that the ALJ ignored evidence about the claimant's attempts to treat her pain. *Id.* That is incorrect. *See* R. at 18 (noting that "the claimant has no current actual treatment" for her alleged "continuing severe, disabling pain symptoms"); R. at 19 (noting that the claimant underwent six session of physical

therapy in 2010, tried taking cyclobenzaprine nightly around March of 2011, was prescribed a different medication in 2011, was advised to begin taking short walks outdoors in early 2011, tried acupuncture from January to July of 2012, and apparently started a new medication in August of 2012).  Lastly, the claimant takes issue with the ALJ's comment about her maternity records, which Ms. Thao describes as stating that that "the Claimant did not mention her Fibromyalgia when she went to the hospital to give birth." ECF No. 14 at 13.  The claimant argues that it would be unfair to expect her to do so, given her inability to speak English.  *Id.* Her brief provides no citation to the record, but the Court assumes that the claimant is referring to the ALJ's note, in the context of a discussion about the lack of documentation of Ms. Thao's impairments in her medical records, that "even [her] maternity records relay[] an 'unremarkable' past medical history."  R. at 18.  This observation is supported by substantial evidence, and the Court finds it unproblematic.  In sum, the Court finds no error in the ALJ's RFC analysis, and the opinion should not be remanded on this basis.[4]

### E. The ALJ's Step Four Analysis

Ms. Thao next argues that the ALJ failed to make the required findings about her past relevant work at stage four of the analysis.  In evaluating whether the claimant could perform past relevant work, the ALJ was required to "make specific findings on the record" about the demands of the jobs at issue and the claimant's ability to meet those demands.  *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996).  Moreover, "while the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on

---

[4] The claimant also argues that the ALJ failed to consider her fatigue in the RFC discussion. ECF No. 14 at 14. However, Ms. Thao did not list fatigue as a condition that limits her ability to work on her application. R. at 208. The ALJ considered all the conditions listed by the claimant. *See* R. at 17, 208.

the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id.* In the present case, the ALJ's findings are somewhat sparse: She noted that the cafeteria cook job is a "skilled SVP-6 medium exertional level occupation that was performed at a semiskilled SVP-3 to 4 as described by the claimant" and that the kitchen helper job is "an unskilled SVP-2 medium exertional level occupation." R. at 23. She thus concluded, citing the VE's testimony, that neither job required the performance of work-related activities precluded by Ms. Thao's RFC. R. at 23. Given the limited discussion of the demands of the jobs at issue, this analysis appears to fall short of what the Tenth Circuit requires.

However, any error on this account is clearly harmless. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) ("[H]armless error analysis . . . may be appropriate [where] . . . we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."). As the ALJ noted, both of the claimant's previous jobs required only a medium level of exertion, R. at 23, and the ALJ found that Ms. Thao had the RFC to perform medium work with some additional limitations, R. at 16. None of these additional limitations are problematic in light of the D.O.T. descriptions of the jobs that the claimant previously held; it is clear that neither job requires constant climbing, kneeling, crouching, or crawling. *See* D.O.T. 313.381-030 (cafeteria cooks prepare food and use kitchen equipment); D.O.T. 318.687-010 (kitchen helpers sweep and mop floors, wash surfaces, remove trash and recycling, washes dishware, load and unload delivery trucks, and perform other similar tasks). Additionally, the ALJ accommodated the claimant's inability to speak English by reducing the svp level of the cafeteria cook job. *See* R. at 23, 60. Thus, in light of the ALJ's RFC finding, the demands of the jobs at issue do not appear to in any

way preclude Ms. Thao from returning to her past work.  Moreover, as the ALJ noted, the VE testified that she would be able to do so.  R. at 61.  For these reasons, the Court concludes that no reasonable administrative factfinder could have found that Ms. Thao was unable to perform her past relevant work, and therefore any error on the ALJ's part in failing to make the relevant findings on the record was harmless.

### F. The ALJ's Step Five Analysis

Lastly, the claimant challenges the ALJ's step five analysis.  ECF No. 14 at 14–15.  However, the ALJ made findings about Ms. Thao's ability to perform other jobs in the national economy at step five only as an alternative to her step four finding that the claimant could perform past relevant work.  R. at 23.  Because the Court affirms the ALJ's conclusions at step four, there is no need to review the ALJ's step five analysis.

### III. Conclusion and Order

The decision of the Commissioner is AFFIRMED.

DATED this 12th day of August, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge